Oui'ia,per Wahdlaw, J.
It has been supposed in the argument here, that the directions which were given by the court, in the case of the Treasurers v. Bates, for suggestions of further breaches of the judgment recovered upon a sheriff’s bond, were in fact legislative, inasmuch as the Stat. 8 and 9 Wm. 3, ch. 11, has never been made of force in this State. If we had no statutes on the subject, there, could not with any propriety be another judgment of the Treasurers, (or in the form of the bond adopted by the Act of 1829,) against a sheriff for the penalty of his official bond, when one such judgment had already been recovered; and so, of necessity, the court would have been compelled, in order that it might afford to various persons injured by a sheriff’s official misconduct, the relief contemplated by our Aets, and at the same time avoid the anomaly of two or more judgments by'tbe same' plaintiff against the same, defendant, for the same debt, to adopt and regulate some new mode of proceeding. But our Act of 1792 seems to have been overlooked. That Act had the same purpose as the Stat. of Wm. 3d, without resort to a Court of Equity, to confine the plaintiff’s execution, after his recovery upon a penalty intended to secure the performance of covenants, to the damages actually sustained, and costs. The general provision of the Act, like that of the Statute, is that the damages shall be assessed by a jury, upon proof to be offered by the plaintiff, and that the judgment for the penalty shall stand as a security for the sum assessed and costs. The effect of the Act, in conformity with the express provision of the Statute, is to allow a plaintiff, in his declaration, or in his replication, to asoign as many breaches as he may see fit, without fear of objection for duplicity. The Statute was more minute, directing that the various breaches which a plaintiff complains of, may be assigned in his declaration or replication, or that if judgment be given for the plaintiff on demurrer, by confession or nil *358 dicit, such breaches may be suggested on the roll, and writ 0f jnqUjry be thereupon issued ; and that jfor the further breaches after judgment entered, the plaintiff shall by scire facias qUare executio non, have a new assessment or inquiry, and execution of the damages assessed, and so on toties quoties; the judgment for the penalty standing as a secuiity, and proceedings upon it being stayed, whenever the damages already assessed have been paid, together with' the costs and the charges of execution. Our Act being less precise,,, had left the course of proceeding more within the discretion of the court, and in the exercise of that discretion, a suggestion with notice (which may be considered either as being in the nature of a sci.fa. or in lieu of a sci.fa.) has been directed to be employed after, as well as before judgment. Although the defendant cannot plead to a suggestion on the roll of breaches, in the cases where the' Slat, of Wm. 3d directs such a suggestion to be made, he can, with us, plead to a suggestion of breaches after judgment, which, under the Statute, would have been a sci. fa. The case of the Treasurers v. Wiggins, and the case of the Treasurers v. Buckner, shew that no error or default in the defendant’s pleading can save the plaintiff from the necessity of proving the damages for which he would have execution. The latter case directed that the pleading to such suggestion after judgment, so far as concerns the defendant’s liability for any breach, and as concerns matters of form, apart from the assignment of breaches, should be like the pleading tó a sci.fa. on judgment; and so far as concerns the defendant’s liability for the breaches suggested, and matters of form in the assignment of them, should be like the pleading to a replication assigning breaches after a plea of performance; (which direction is here repeated, because this and other parts of the opinion in that case cannot be understood as they have been reported.) Our Act, and the directions given under it, like the Statute of Wm. 3d, contemplate only one judgment and one writ of execution, both for the penalty, with proper entries on the roll of the assessments and of the satisfactions. The chief difference between the Act and the Statute seems to be, that the former does not necessarily contemplate the case of further breaches after judgment, which is expressly provided for by the latter. Indeed, some of our cases, as the case of Mitchell v. Humphreys and Dawkins, and Durkey v. Hammond, have held that after a certain time, if no assessment has been required by the defendant, the judgment for the penalty may be enforced by the plaintiff, unless the Court of Equity interfere. But if the word may, used in the Act, be considered as equivalent to must, as the same word used in the Statutes has been, and the words “ before he takes out his execution,” be held to *359 mean before he have execution., that is before his final process be executed, the Act will cover every case provided for( by the Statute • and without such a construction, we have no remedy for further breaches occurring after an assessment once made, unless we shall permit a second recovery to be had upon a bond of which the whole penalty has already been recovered. Such a construction, it appears to me, should be given ; if it be given, then the only difference between a case on a sheriff’s official bond, and a case upon an ordinary bond for performance of covenants, is that in the former, (from the necessity of giving remedy to various persons under the same bond, payable to one nominal plaintiff,) after one assessment, if other damages had accrued before the first suggestion, they might be proved upon a future suggestion ; whereas, in the latter, the liberty which a plaintiff has in" the first instance, to assign as many breaches as he sees fit, might well be held to prevent him from showing, under any subsequent assignment, breaches which had preceded a former assessment;
Proper entries made on the roll in the case of the State v. Mulligan and his sureties, would shew, first, that the bond, condition and breach assigned in behalf of W. Yo.umans, having been set forth, upon issue joined and verdict for the plaintiff, the State,.the plaintiff, by consideration of the court, recovered the penalty of the bond, and the jury having assessed the damages upon the said breach, assigned in behalf of Wm. Toll-mans at $>608 70, it was ordered that the plaintiff have execution of that sum, together with costs ; the judgment for the penalty to stand as a security for the sum so assessed, and all other sums to be assessed.
Second : That a writ of fieri. facias for the penalty was lodged, and was indorsed with directions for the sheriff or coroner to levy the sum assessed as aforesaid, together with costs; and that that sum, together with the costs and.the charges of execution, having been paid, further proceedings were staid.
Third : That a further breach in behalf of W: Tollmans having been suggested, and inquiry having been had thereon, a further sum of -$>816 37 was assessed as the damages which had accrued from the said further breach, for which, with the costs incident thereto, it was ordered that the plaintiff bavefurthepexecution; and that in conformity with such order, directions were indorsed upon thefi.fa. before lodged. The second assessment, when directions for levying it were indorsed upon the fi.fa. did not create a new lien, but restored an old one which had been suspended. No additional writ was lodged, or should have been; there was only an order given which authorized the fi. fa. for the penalty that had obtained payment of the first assessment to be again effective *360 for the second one. If the fi. fa, when thus called into ac-i tion anew, does not take date from its lodgment, it can have no lien at all; for there is no law which gives to an order such as that indorsed on the fi. fa. any efficacy in creating a lien. Whilst th e fi.fa. was suspended, money which was levied from the defendants, or either of them, should have been paid to other liens, just as would have been done had the ji. fa. been under injunction from Equity. No notice of other liabilities by the defendant upon the sheriff’s official bond, short of an indorsement on the fi.fa. of the order to collect a new assessment, would have defeated other liens. Such an indorsement as fully restored the efficacy and original lien of th e fi.fa., as the removal of an injunction which had restrained it, would have done. It is not now the time to consider what may be the rights of persons who become purchasers from a defendant during the suspension of the lien of a fi.fa. As to creditors who have junior fi. fa's., it seems clear that they are not entitled to money which comes under the lien of-the older jfi.fa. when it is seeking execution.
It is therefore ordered that the motion be granted; that the order made on the circuit be set aside, and that the rule be discharged.
O’Neall, Evans, Frost and Withers, JJ. concurred.

Motion granted.